[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR CONTEMPT, OBJECTION TO MOTION FOR CONTEMPT OPPOSITION TO MOTION FOR CONTEMPT AND MOTION FOR MODIFICATION OF VISITATION (DOCKET ENTRY NOS. 127, 128, 130, 132 AND 133
On the motions for contempt, I do not find a willful and intentional violation of the court's orders of November 30, 1990. The case is distinguishable from the case of Tufano v. Tufano, 18 Conn. App. 119. In that case the court found a willful failure on the plaintiff's part to comply with the court's order.
Mr. Lee and Ms Rodriquez have both argued, however, that the defendant has not done all she could do to encourage Melody and Michael to have visitation with their grandmother and their father. In that regard, the court finds that the defendant has complied with the strict letter of the court's orders and has not directly interfered with the court ordered visitation — but she has not done all she could do to see that the court's orders were effectively carried out. She has not lived within the spirit of the court's orders. She has not encouraged the children to have visitation with their father or their grandmother. This she must do. She has not complied with paragraph 5 of the court's judgment which stated:
 Neither party shall be critical of the other party in the presence of the children, and each of the parties shall encourage the children to have a meaningful relationship with the other party.
As has been noted by the court in its Memorandum of Decision and as has been noted in its decision of November 30, 1990, the court must consider what is in the best interests of these children as provided by the provisions of 46b-56 (b) of the General Statutes.
Having so considered, the court finds that the children are not at risk when they are with their father. The court finds that the occurrence on January 20, 1991 was not of such consequence that either of the children were at risk. Melody is 14 years of age and Michael is 10 years of age. While the court has had evidence that they do not wish to visit with their grandmother or their father, the court has already found that it is in their best interests that they have a relationship with their father. The court finds also that it is in their best interests to have a relationship with their grandmother.
It is clear to the court that the defendant has not heeded this court's suggestion on page six of the Memorandum of CT Page 4490 Decision that the defendant endeavor to set aside her own bitterness and lack of forgiveness, encourage the children to see their father and to have a relationship with him.
To an appreciable extent the court reaches the same results today that it reached not only on November 30, 1990 but also on July 12, 1990.
The court rules as follows:
Docket Entry no. 127, Motion for Contempt: Denied.
Docket Entry no. 128, Objection to Motion for Contempt: Overruled.
Docket Entry no. 130, Opposition to Motion for Contempt: Overruled.
Docket Entry no. 132, Motion for Contempt: Denied.
Docket Entry no. 133, Motion for Modification of Visitation: So much as requests restoration of the defendant's maiden name has been granted. Remainder requests of this motion are denied.
The issue of visitation is being studied by the Family Relations Division. The court on its own motion is modifying its previous orders of visitation entered on November 30, 1990 and modifying and or reiterating its orders of July 12, 1990. The court takes this action in the best interests of the children and pursuant to the provisions of 46b-56 (b) of the General Statutes.
1. Court orders counseling with the Child Guidance Center of Greater Bridgeport regarding relationships with family members. The defendant shall deliver the children for such sessions as determined by the Child Guidance Center and at the times scheduled for such sessions. The plaintiff and the defendant shall participate in such sessions as may be required. The arrangements for the sessions, the number of sessions, the participants in the sessions, whether individual counseling with each child or counseling with all three children together, shall be left to the decision of the person in charge of the counseling at the Child Guidance Center of Greater Bridgeport. The arrangement for counseling shall be made by counsel for the minor children.
2. The plaintiff shall have visitation with the three minor children every second Monday of the month from 5:30 p. m. to 7:30 p. m. and every third Sunday of the month from 5:30 p. m. to 7:30 p. m. The plaintiff shall provide the evening CT Page 4491 meal for the children on these visitations. Ms Gail Bellas shall not be present during the exercise of the plaintiff's visitation. The children shall not be taken to 84 Sherman Street in Fairfield during the visitation, and the plaintiff shall consume no alcohol or drugs prior to or during the exercise of such visitation.
3. The plaintiff shall pick up the children from the children's home and shall return the children to their home upon the completion of his visitation.
4. The plaintiff shall be free to have the children visit the home of the paternal grandfather on Mill Plain Road or such other place or places as he may choose except that he shall not visit 84 Sherman Street in Fairfield.
5. Visitation specifically for Argero Papageorge is suspended at the present time. After the plaintiff has exercised two visitations with the children, the plaintiff may have his mother, Argero Papageorge, join the children and him for part or all of his visitation time as he may choose.
6. There shall be no contact between the plaintiff and the defendant at such time as the plaintiff picks up and delivers the children. There shall be no inappropriate gestures or remarks between the parties at the time of visitation or at any other time.
7. Neither party shall be critical of the other party in the presence of the children.
8. Each of the parties shall encourage the children to have a meaningful relationship with the other party.
9. Each of the parties shall approach the issue of visitation with understanding of the emotional needs of the children and the necessity for them to vent their frustrations, feelings and anger for what they perceive has happened in this case.
The foregoing orders shall remain in full force and effect until further order of the court.
EDGAR W. BASSICK, III, JUDGE